**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 25, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40018
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC LEE STETZEL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CR-71-1
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eric Lee Stetzel appeals from his guilty-plea conviction and sentence for money laundering and wire fraud. Stetzel argues that (1) the Government breached the plea agreement; (2) the district court clearly erred in denying his request for an acceptance-of-responsibility reduction; (3) the district court clearly erred in increasing his offense level by two levels under U.S.S.G. § 2D1.1(b)(1); and (4) he should be resentenced in light of United States v. Booker, 543 U.S. 220 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stetzel argues that the Government breached the plea agreement by advocating against a reduction for acceptance of responsibility. Because Stetzel failed to object to the Government's conduct below and makes his breach-of-plea-agreement claim for the first time on appeal, this court's review is for plain error review. United States v. Cerverizzo, 74 F.3d 629, 631 (5th Cir. 1996).

In determining whether the terms of the plea bargain have been violated, this court must determine whether the Government's conduct is consistent with the parties' reasonable understanding of the agreement. United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002)(citation omitted). Here, the plea agreement required that the Government make a recommendation in favor of a one-level reduction for acceptance of responsibility under § 3E1.1(b) and only if Stetzel qualified for the reduction.

The offense level is reduced by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). A defendant may be eligible for an additional reduction of one level, but such consideration requires the defendant's qualification for the initial two-level reduction. § 3E1.1(b).

Because the district court declined to award Stetzel the initial two-level reduction under § 3E1.1(a), finding that Stetzel's obstructive behavior mitigated against granting the reduction, the Government was under no obligation to recommend the additional one-level reduction. Thus, there was no breach.

We also reject Stetzel's claim that the district court clearly erred in denying his request for an acceptance-of-responsibility reduction. The district court's determination that a defendant is not entitled to an adjustment for acceptance of responsibility is entitled to great deference and should not be disturbed unless it is "without foundation." United States v. Washington, 340 F.3d 222, 227 (5th Cir. 2003). As found by the district court, Stetzel failed to demonstrate extraordinary circumstances warranting credit for acceptance of responsibility in light of his admitted obstructive behavior, to wit: failing to appear at a rearraignment hearing. See United States v. Lujan-Sauceda, 187 F.3d 451, 451-52 (5th Cir. 1999); § 3E1.1, comment.(n.4).

Stetzel's assertion that the district court clearly erred in increasing his offense level by two levels under § 2D1.1(b)(1) is similarly without merit. The adjustment under § 2D1.1(b)(1) should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense. § 2D1.1(b)(1), comment. (n.3); United States v. Mitchell, 31 F.3d 271, 277 (5th Cir. 1994)

The record reflected that numerous firearms were present at Stetzel's residence, along with large volumes of packaged and unpackaged steroids. Also present were packaging material and computers. Given the proximity of the firearms to the drug paraphernalia in the house, it was not clearly improbable that the weapons were connected with the offense. Id.

Stetzel contends that he is entitled to resentencing under Booker. He maintains that the district court improperly increased his base offense level pursuant to § 2D1.1(b)(1) and erred in sentencing him under the mandatory guideline scheme that was declared unconstitutional in Booker. The district court erred in enhancing Stetzel's sentence based on its determination that he possessed a firearm and by sentencing Stetzel pursuant to mandatory Sentencing Guidelines. See Booker, 543 U.S. at 233-34, 266-67.

As the Government points out, however, the district court stated that it would impose the same sentence if the Sentencing Guidelines were held unconstitutional. The Government has carried its burden of establishing that the sentencing errors suffered by Stetzel were harmless beyond a reasonable doubt. See United States v. Pineiro, 410 F.3d 282, 285 (5th Cir. 2005). The judgment of the district court is affirmed.

AFFIRMED.