# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30828
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DION PAUL BARNES, also known as Douglas M. Barnes, also known as Christopher Singleton, also known as Terrell Rios, also known as Myron Brooks,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:15-CR-133-1

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:*

Dion Paul Barnes appeals his conviction and sentence following his guilty plea, pursuant to a written agreement, to conspiracy to make, utter, and possess counterfeit securities. He argues, for the first time on appeal, that the Government breached its agreement to recommend a third-level reduction in his offense level for acceptance of responsibility and to permit him to freely

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

litigate the loss amount attributable to him.  We review for plain error.  *See Puckett v. United States*, 556 U.S. 129, 134, 143 (2009); *United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014).

We look to whether the Government's conduct was consistent with the parties' reasonable understanding of the agreement.  *See Hinojosa*, 749 F.3d at 413; *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).  Here, the Government satisfied its obligation when it moved in the plea agreement for a one-point reduction.  Absent the district court's award of the initial two levels for acceptance of responsibility, the Government cannot be said to have had any further obligation under the plea agreement with respect to acceptance of responsibility.  *See* U.S.S.G. § 3E1.1(b); *Hinojosa*, 749 F.3d at 413; *United States v. Hernandez-Garcia*, 442 F. App'x 136, 137 (5th Cir. 2011); *United States v. Stetzel*, 183 F. App'x 432, 434 (5th Cir. 2006).  Nor does the record show that the Government breached the plea agreement with respect to Barnes's freedom to litigate the loss amount, as the Government's argument was that Barnes was not entitled to a two-level reduction because he had lied and had denied relevant conduct.

Even if, for the sake of argument, the Government's objection to Barnes's receiving a reduction for acceptance of responsibility was contrary to Barnes's reasonable understanding of the agreement, he cannot show the Government's purported breach affected his substantial rights.  *See Hinojosa*, 749 F.3d at 411.  Given Barnes's conduct with respect to his identity and that he denied all relevant conduct, he was not entitled to a two-level reduction for acceptance of responsibility under § 3E1.1(a).  *See* U.S.S.G. § 3E1.1(a), (b), comment. (nn.1(A), 3).

The judgment of the district court is AFFIRMED.