United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40622
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CHAVARRIA,

Defendant-Appellant.

On Appeal from the United States District Court
For the Southern District of Texas
Corpus Christi Division, No. CR-02-172

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JONES and DENNIS, Circuit Judges.[*]

PER CURIAM:[**]

This court affirmed the judgment of conviction and sentence of Jose Chavarria. United States v. Chavarria, 377 F.3d 475 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Chavarria v. United States, 125 S. Ct. 1055

_____

[*] Due to his retirement on Dec. 8, 2004, Judge Charles W. Pickering, Sr. did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005).  We requested and received supplemental letter briefs addressing the impact of Booker.

At the district court and in his original appeal to this court, Chavarria objected to the district court's enhancement for obstruction of justice. We must first determine if this objection was sufficient to preserve Booker error.

To preserve Booker error, a defendant need not explicitly cite Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), Blakely v. Washington, 542 U.S.296, 124 S. Ct. 2531 (2004), or the Sixth Amendment.  See United States v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005).  However, he must "adequately apprise[] the court that he was raising a constitutional error."  United States v. Olis, 429 F.3d 540, 544 (5th Cir. 2005).  The argument must be couched in terms that the facts used to enhance the sentence were not proven to a jury beyond a reasonable doubt.  See Akpan, 407 F.3d at 376,  377 (finding that one defendant, who had objected on reasonable doubt grounds, had preserved Booker error, but finding that the other, who did not "couch his arguments ... in the same terms," did not preserve Booker error); United States v. Bringier, 405 F.3d 310, 315 (concluding that the defendant had not preserved his Booker objection even though he objected at trial that the evidence did not support an enhancement because the court did not "consider his arguments below in the 'essence' of Blakely and the Sixth Amendment").

Both at trial and on appeal, Chavarria objected on the grounds that the evidence did not sufficiently establish that his behavior constituted obstruction of justice. In other words, he argued that his conduct was an outburst brought on by the pain and stress of the situation, and not a threat meeting the requirements for enhancement of sentence because of his obstruction of justice. His arguments, however, lack in aim, focus, or direction toward objection on Booker grounds. They do not apprise the court that such issues are at stake because they do not reference the need for those facts to have been proven to a jury beyond a reasonable doubt. Accordingly, because Chavarria's arguments do not "capture the essence" of Blakely, Booker, Apprendi, and the Sixth Amendment, they do not serve to preserve Chavarria's arguments for either harmless error or plain error review.

A defendant prevails under plain error review where he proves (1) that error occurred; (2) that the error is plain; and (3) that the error affected his substantial rights. If all three of those elements exist, a fourth element appears: A court should correct the error where it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." The burden to prove all of the above falls on the defendant. United States v. Olano, 507 U.S. 725, 732-736 (1993). There is no question but that Chavarria has met the first two requirements. See, e.g., United States v. Mares, 402 F. 3d 511, 521 (5th Cir. 2005), cert. denied, 126 S. Ct. 43 (2005) ("Mares' sentence was

3

enhanced based on findings made by the judge that went beyond the facts admitted by the defendant or found by the jury. . . . Mares has therefore established <u>Booker</u> error. Since <u>Booker</u>, the error is also plain.") This circuit's precedent requires that a defendant alleging <u>Booker</u> error must meet the third prong by showing that the sentencing court "would have reached a significantly different result" under an advisory sentencing scheme rather than a mandatory one. <u>Id</u>. at 521. As Chavarria has not pointed to any such evidence, he fails the third prong of plain error review. As in <u>Taylor</u>, Chavarria cannot survive plain error review, and therefore cannot satisfy the more demanding "extraordinary circumstances" standard of review that applies to his particular case.

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior decision in this case, we adhere to our prior determination and therefore reinstate our judgment AFFIRMING Chavarria's conviction and sentence.

**AFFIRMED.**