# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2012

Lyle W. Cayce
Clerk

No. 10-51167
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO AGUIRRE, also known as Freddy,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1267-3

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alfredo Aguirre pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute more than 500 grams of cocaine. The district court sentenced him at the top of the advisory guideline range to 235 months of imprisonment. He now appeals his conviction and sentence.

Aguirre challenges the adequacy of the factual basis for his guilty plea. The provision in Aguirre's plea agreement waiving the right to appeal his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence does not apply to this claim, which pertains instead to the validity of his conviction. *United States v. Palmer*, 456 F.3d 484, 488-89 (5th Cir. 2006). Because he did not object in the district court, we review this claim for plain error. *United States v. Marek*, 238 F.3d 310, 314-15 (5th Cir. 2001) (en banc).

To show plain error, Aguirre must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Aguirre admitted in writing and in open court to the accuracy of facts that supported his guilty plea. *See United States v. Morris*, 46 F.3d 410, 414-15 (5th Cir. 1995). He relies on statements by this court that a buyer-seller relationship, without more, will not prove a conspiracy, *see, e.g.*, *United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993), but Aguirre admitted to planning and coordinating the sale of cocaine not only with a buyer but with at least three others on the same "seller" side of the transaction.

We also review for plain error Aguirre's claim that the Government breached the plea agreement by violating its promise not to oppose an adjustment for acceptance of responsibility. *Puckett*, 129 S. Ct. at 1428. Although the plea agreement included a waiver of Aguirre's right to appeal his sentence, an appeal waiver is unenforceable if the Government breaches a plea agreement. *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). The Government did not breach the plea agreement by arguing for a sentence at the top of the guideline range because it based this argument on the district court's denial of an aggravating role adjustment. This was consistent with the Government's reservation in the plea agreement of its right to dispute sentencing factors, *see United Stats v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999), and aggravating role adjustments do not affect eligibility for an adjustment for acceptance of responsibility.

We need not decide whether the Government's request for an obstruction of justice adjustment constituted a clear or obvious breach of the plea agreement because Aguirre cannot satisfy the remaining prongs of the plain error standard. The Government had the right under the plea agreement to inform the district court of the Aguirre's false statements. *See also United States v. Block*, 660 F.2d 1086, 1091-92 (5th Cir. Unit B. Nov. 1981). Such false statements can warrant the application of the obstruction of justice adjustment under U.S.S.G. § 3C1.1 and the denial of a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Therefore, Aguirre cannot show an affect on his substantial rights. *See Puckett*, 129 S. Ct. at 1433 n.4. Moreover, in light of Aguirre's false statements, he cannot show that the district court's denial of a reduction for acceptance of responsibility seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 129 S. Ct. at 1429-33.

Aguirre also raises other sentencing claims. We need not resolve whether the Government breached the plea agreement because Aguirre's remaining claims lack merit. *See Gonzalez*, 309 F.3d at 886; *see also United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006) (holding that appeal waivers are not jurisdictional).

Aguirre challenges the district court's finding that he obstructed justice under § 3C1.1. He argues that his false statements did not significantly obstruct or impede the official investigation or prosecution of the instant offense. Because Aguirre's argument raises a factual dispute that the district could have resolved had he objected, there can be no plain error. *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

In addition, we review for plain error Aguirre's claim that the district judge improperly based his sentence on ex parte information obtained from the judge's review of the Government's earlier applications for wiretaps. *See United States v. Roberts*, 913 F.2d 211, 216 & n.3 (5th Cir. 1990). Because the presentence report (PSR) included a summary of the information obtained from

the wiretap reports, Aguirre cannot show "a reasonable probability that, but for the district court's error, the appellant would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

Although Aguirre argues that the district court committed clear error in finding that evidence supported the quantity of drugs attributed to him by the PSR, he did not present evidence to rebut the PSR or the testimony of the Government's witnesses. A district court may rely on the information in a PSR in the absence of rebuttal evidence. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). "Mere objections do not suffice as competent rebuttal evidence." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).

Aguirre also argues that the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), by considering facts outside those admitted as part of his guilty plea, including his criminal history and the drug quantity determination. We again review for plain error. *See United States v. Rojas-Luna*, 522 F.3d 502, 504 (5th Cir. 2002). In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court remedied the Sixth Amendment error resulting from judicial factfinding under the Guidelines by excising statutory provisions making the Guidelines mandatory and rendering them advisory only. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Under this advisory sentencing regime, a district court is free to find all facts relevant to sentencing by a preponderance of the evidence. *United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009), *cert. denied*, 131 S.Ct. 136 (2010). There is no *Apprendi* defect in Aguirre's sentence because his 235-month sentence did not exceed the statutory maximum term of 40 years of imprisonment for an offense involving 500 grams or more of cocaine. 21 U.S.C. § 841(b)(1)(B)(ii).

AFFIRMED.