# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50732

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DEANGELO PERRY SMITH, A.K.A. "D-LO",

Defendant – Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2420

Before DAVIS, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Deangelo Perry Smith appeals his guilty plea conviction and 168-month sentence for conspiracy to violate forced labor and sex trafficking laws. His appeal focuses on three issues: the adequacy of the superseding indictment, the validity of his guilty plea, and whether the government breached the plea agreement which would allow him to avoid his agreement to waive any appeal of his sentence. For the following reasons, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50732

## I.

On November 9, 2011, a federal grand jury in El Paso returned a superseding indictment charging Smith and his codefendants with fourteen counts related to forced labor, sex trafficking, and conspiracy to commit the same.  Smith entered into a plea agreement with the government.  Smith pleaded guilty to Count One, a conspiracy count, pursuant to a plea agreement in which he "voluntarily and knowingly waive[d] any right to appeal the sentence on any ground."

At Smith's sentencing hearing, the district court granted an obstruction of justice enhancement at the government's request.  It also, however, granted the government's request for a three-level reduction for substantial assistance because of "Smith's assistance in getting 'six guns off the street.'"  Smith did not receive a reduction for acceptance of responsibility.  The district court calculated a total offense level of 40, Criminal History Category II, resulting in a recommending range from 324 to 405 months.  The district court considered this advisory range excessive and exercised its *Booker* discretion in sentencing Smith to 168 months, close to a 50% reduction from the low end of the recommended Guideline sentence

## II.

Smith first argues that the superseding indictment was deficient because—although it recited all of the elements of the charged conspiracies—it failed to cite one of the subsections of the United States Code he was charged with violating.  Count One to which Smith pleaded guilty was a conspiracy charge under 18 U.S.C. § 1594.  The superseding indictment alleged the following four objects of that conspiracy, with proper citation to the statutes setting for those substantive offenses: 1) forced labor (18 U.S.C. § 1589(a)); 2) forced labor for financial gain (18 U.S.C. § 1589(b)); 3) sex trafficking (18 U.S.C. § 1591(a)(1)); and 4) sex trafficking for financial gain

2

No. 13-50732

(18 U.S.C. § 1591(a)(2)).  The error Smith raises for the first time on appeal is that the two forced labor objects are included in subsection (b) of the conspiracy statute, but the indictment only cited 18 U.S.C. § 1594(c), which covers the sex trafficking objects.

The Court need not resolve this issue if Smith's guilty plea was valid because a valid plea waives any challenge to nonjurisdictional defects.  *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008).  "[D]efects in an indictment do not deprive a court of its power to adjudicate a case."  *United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002) ("*Cotton* demonstrates that standard waiver principles apply to defects in the indictment.").  The indictment's alleged defect thus was not jurisdictional and any challenge to it is waived, if Smith entered a knowing and voluntary plea.[1]

Smith tries to undo his guilty plea, asserting that it was invalid because he was not properly admonished about the nature of the charges against him and the maximum possible sentence he was facing.  The record belies his claim that he was not informed of the nature of the charges against him.  With respect to the issue he identifies concerning his sentencing exposure, it does not appear that any error occurred, and even if it did, it is difficult to see how that error would have improperly influenced him to plead guilty.

---

[1] Even if we could consider the argument, it would not help Smith.  "Practical rather than technical considerations govern resolution of [indictment] challenges and we will not reverse for minor deficiencies which do not prejudice the accused."  *United States v. Steen*, 55 F.3d 1022, 1027 (5th Cir. 1995) (citation omitted).  "An indictment need only charge the essential elements of the offense, permitting the accused to prepare a defense." *United States v. Chappell*, 6 F.3d 1095, 1099 (5th Cir. 1993).  Smith's indictment met all of these requirements by reciting the elements of the charged conspiracy offense and its object offenses.

No. 13-50732

The error Smith alleges relates again to the different forced labor and sex trafficking objects of the single conspiracy count to which he pleaded guilty.  The magistrate admonished Smith that he faced a sentence up to life, which is true for a conspiracy to engage in sex trafficking.  *See* 18 U.S.C. § 1594(c) (incorporating sentence for violation of 18 U.S.C. § 1591).  A conspiracy to engage in forced labor violations, however, only provides for a sentence up to twenty years.  *See* 18 U.S.C. § 1594(b) (incorporating sentence for violation of 18 U.S.C. § 1589).  But because Smith was pleading to a single-count, multi-object conspiracy in which one of the objects provided for a sentence up to life, the magistrate was correct that a life sentence was possible.  Even if the court's admonishment was somehow in error, Smith does not demonstrate how being informed about a lower possible sentence for the forced labor object would have led him not to plead guilty.  Given the specificity of the plea agreement and the superseding indictment, the lengthy factual basis supporting his guilty plea, and Smith's testimony that he understood the charges against him and the consequences of pleading guilty, Smith cannot demonstrate that but for any Rule 11 errors he would likely not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009). Accordingly, his guilty plea was valid and his allegation of the indictment defect is waived.

Similarly, Smith's waiver of the right to appeal his sentence is valid because the record reveals that Smith read and understood the terms of the plea agreement and did not ask any questions, ask for clarification, or express any confusion concerning the waiver provision.  An appellate waiver bars appeal if the waiver (1) was knowing and voluntary and (2) applies to the circumstances at hand, based on the plain language of the agreement. *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014) (citation omitted),

4

*cert. denied*, 134 S. Ct. 2319 (2014). "For a waiver of appeal to be knowing and voluntary, a defendant must know that he had a right to appeal his sentence, that he was giving up that right, and the consequences of giving it up." *Id.* at 736. We will "enforce a waiver on appeal regardless of whether the district court addressed it directly where the record indicates the defendant has read and understood his plea agreement and has raised no questions about the waiver." *Id.* at 736–37.

At Smith's plea colloquy, the court did discuss "the very, very important part of [his] agreement in which [he] waive[d] [his] right to appeal the sentence." Smith acknowledged he was understanding that right to appeal the sentence. That written waiver provided no exceptions allowing direct appeal of the sentence. For a collateral attack on the sentence, however, the written waiver provided two exceptions: Smith could challenge his sentence if it was the "result of a violation of his constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension." Smith contends that the magistrate judge orally expanded the scope of the exceptions to Smith's waiver by indicating these exceptions applied to a direct appeal and—in what is likely the product of an improper comma in the transcript—indicating there were three exceptions: "unless your constitutional rights were violated, because your lawyer was ineffective, or there was misconduct on the part of the prosecution." Even assuming that the magistrate judge orally expanded the scope of the exceptions to Smith's waiver to allow him to raise any constitutional sentencing issue on direct appeal, his appeal does not include any such arguments.[2] *Cf. United States v.*

---

[2] Smith additionally argues that because the district court did not explicitly accept his plea agreement, it is rendered null. But the actions of the magistrate and district judge indicate an implicit acceptance of the agreement, something we have previously held to be sufficient. *See, e.g., United States v. Morales-Sosa*, 191 F.3d 586 (5th Cir. 1999) (holding

*Saferstein*, 673 F.3d 237, 242–43 (3d Cir. 2012) (giving effect to the district court's inadvertent expansion of the exceptions to the appellate waiver but holding that a challenge to the Guidelines calculation did not qualify as a constitutional claim within the scope of the expanded exception). The written waiver therefore is valid with respect to the Guidelines-focused issues he tries to raise.

Smith's final argument is that even if he knowingly and voluntarily agreed to waive a sentencing appeal in the plea agreement, he is no longer bound by that waiver because the government breached the plea agreement at his sentencing. *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002) (explaining that when the government breaches a plea agreement, "the defendant is necessarily released from an appeal waiver provision contained therein"). In the plea agreement, the government agreed not to oppose a reduction for acceptance of responsibility. Smith contends that in seeking an obstruction-of-justice enhancement at sentencing, the government violated that agreement because an obstruction finding ordinarily "indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1(b) cmt. n.4. The government sought the obstruction enhancement based on conversations of Smith and his codefendants agreeing to commit perjury. The government's sentencing objection raising the obstruction issue stated that "the events surrounding the obstruction enhancement occurred after the plea agreement was signed and filed" and therefore the government "defers to the Court on whether to grant acceptance of responsibility."

---

that although the district court did not expressly accept the defendant's guilty plea, defendant's substantial rights were not violated because the district court implicitly accepted the guilty plea and plea agreement).

"In determining whether a plea agreement has been breached, [this Court] inquire[s] whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001) (citations and internal quotation marks omitted). Smith must also "show a reasonable probability that, but for the district court's error, [he] would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). Even if he can meet this standard, Smith faces additional hurdles here because did not raise this alleged breach at the sentencing hearing. Accordingly, we review only for plain error in which we have the discretion to correct obvious errors only if they affected the defendant's substantial rights and undermined the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Aguirre*, 456 Fed. Appx. 459, 461 (5th Cir. Jan. 4, 2012) (applying the plain error standard to similar claim that government breached the plea agreement).

In recently addressing a similar situation in which the government sought an obstruction enhancement when it had agreed not to oppose acceptance, we did not determine whether an obvious error occurred. *See id.* at 462. Instead, we found that the defendant could not show an effect on his substantial rights because the plea agreement— like the one in Smith's case—expressly allowed the government to inform the district court of the defendant's conduct. Because that conduct the government was permitted to disclose supported an obstruction enhancement and denial of acceptance, we concluded that the defendant could not show that any error affected his substantial rights or "the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citing *Puckett v. United States*, 556 U.S. 129, 135–41 (2009)).

No. 13-50732

We follow the same analysis in this case, which has the added fact that the district court sentenced Smith well below the calculated guidelines range, or even what the range would have been with an acceptance reduction. Because Smith cannot succeed on his claim for a breached plea agreement under the plain error standard, he remains bound by his appellate waiver and we do not consider the sentencing issues he raises. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).

## III.

For these reasons, the district court's judgment is AFFIRMED.