# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

No. 14-20327

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO ROSALES,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-536-1

Before REAVLEY, PRADO, and COSTA, Circuit Judges.

PER CURIAM:[*]

Pedro Rosales pleaded guilty to distribution of child pornography. He was sentenced to 232 months in prison and five years of supervised release. He argues on appeal that by advocating for an obstruction of justice enhancement, the Government breached the plea agreement wherein it had agreed not to oppose a reduction for acceptance of responsibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20327

STANDARD OF REVIEW

Typically, this court reviews an assertion that the Government breached the plea agreement de novo. *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005). However, because Rosales did not object in the district court to the Government's alleged breach, review is for plain error. *Id.*; *see Puckett v. United States*, 556 U.S. 129, 135-36 (2009). To establish plain error, Rosales must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett*, 556 U.S. at 135. If he makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

DISCUSSION

In assessing whether a plea agreement was breached, this Court "appl[ies] general principles of contract law, construing the terms strictly against the government as drafter, to determine 'whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement.'" *United States v. Hebron*, 684 F.3d 554, 558 (5th Cir. 2012) (quoting *United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008)). "[T]he Government must strictly adhere to the terms and conditions of its promises in the agreement." *Munoz*, 408 F.3d at 226.

Thus, the issue here is whether the Government's support of the obstruction of justice enhancement was inconsistent with Rosales' reasonable understanding that the Government would not oppose his request for an acceptance of responsibility reduction. The Second Circuit spoke strongly on this issue when it rejected defendant's argument that "the relationship between obstruction of justice and acceptance of responsibility is so close that the government's promise not to oppose a reduction for acceptance of responsibility should bar it from supporting an increase of sentence for

obstruction of justice." *United States v. Enriquez*, 42 F.3d 769, 772 (2d Cir. 1994).  The court explained:

> There is unquestionably a strong relationship between the two issues, but in certain cases they may be subject to different considerations, making it appropriate for the court to assess both the enhancement and the reduction. As the most obvious example, a defendant may have engaged in conduct constituting an obstruction for which a penalty enhancement is appropriate, but *subsequently* come to accept responsibility fully—for the obstruction as well as the crime of conviction. Although in certain cases, a government concession on the one issue may be incompatible with an application for an enhancement on the other, we see no reason why this should be a general rule.

*Id.* at 773 (internal citations omitted).

This issue of alleged breach on the same grounds herein was presented for plain error review by this court in *United States v. Hinojosa*, 749 F.3d 407 (5th Cir. 2014).  The *Hinojosa* court also concluded that the Government's agreement not to oppose acceptance of responsibility did not prohibit it from advocating for other relevant conduct.  *See id.* at 413 (court "cannot conclude that Hinojosa's 'reasonable understanding of the agreement' would include a term prohibiting the government for advocating for the inclusion of relevant conduct under the Guidelines.").  However, *Hinojosa* provided no guidance on whether the plea agreement in that instance was breached, reasoning that it was unnecessary to determine clear or obvious error if plain error's third prong – whether defendant's substantial rights were affected – could not be satisfied. *Id.* at 414.

The instant case is factually distinguished from *Hinojosa* in that the Government here: (1) did not promise to "recommend" the acceptance of responsibility reduction, only promised "not to oppose" it; and (2) did not advocate against the acceptance of responsibility reduction, but only for the obstruction of justice enhancement.  The factual distinctions, coupled with the

Government's silence at sentencing on the acceptance of responsibility issue, seem to require a different analysis from *Hinojosa* – whether there was indeed clear or obvious error. A showing of clear or obvious error requires that the error not be subject to reasonable dispute. *Puckett,* 556 U.S. at 135. In this case, however, the alleged breach may be reasonably disputed for the following reasons.

First, it is undisputed that the Government knew of the circumstances surrounding the obstruction enhancement when it agreed not to oppose acceptance of responsibility. While this may have been proper, the Government's silence at sentencing about its position on the acceptance of responsibility matter may be perceived as impermissibly effecting an "end-run" around the plea agreement by complying with its express terms while taking actions inconsistent with those same terms. *See United States v. Badaracco*, 954 F.2d 928, 941 (3d Cir. 1992).

Also, neither party attempted to correct the district court's apparent misunderstanding that an obstruction of justice enhancement eliminates any possibility of acceptance of responsibility. The Guidelines state that: "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) *ordinarily* indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, cmt. n.4 (emphasis added). It is clear that Rosales' counsel had a responsibility to inform the court of the apparent misunderstanding and to argue any extraordinary circumstances. Nonetheless, we believe the Government should have made the district court aware of its position in the plea agreement and of the district court's ability to apply both adjustments in special cases.

No. 14-20327

## CONCLUSION

For the reasons stated above, we cannot fully approve of the Government's position but any error is not clear or obvious. Accordingly, the claim fails under plain error review.

AFFIRMED.