# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2016

Lyle W. Cayce
Clerk

No. 14-51217
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STERLING RANDALL BENNINGFIELD, also known as Sterling R. Benningfield,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-101-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sterling Randall Benningfield appeals following his guilty-plea conviction of one count of income tax evasion, for which he was sentenced to a 41-month term of imprisonment. Benningfield seeks to challenge certain enhancements to his offense level, and he argues that the appeal waiver

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provision of his plea agreement is unenforceable because he did not knowingly waive his right to appeal his sentence.

We assume without deciding that the waiver is unenforceable and address instead the sentencing issues raised by the instant appeal. *See United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006) (noting that an appeal waiver does not implicate our jurisdiction). Accordingly, we DENY the Government's motion to dismiss the appeal based on the waiver provision.

Benningfield argues that the district court erred by imposing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 (2000). As set forth in the Presentence Report, this enhancement was imposed because Benningfield, after meeting with government officials who were investigating his tax evasion, fled to Mexico, where he remained as a fugitive for over nine years. Benningfield contends that the enhancement should not have been applied because his flight to Mexico was a pre-custodial evasion of arrest.

As he concedes, Benningfield's failure to make a contemporaneous objection to the enhancement results in plain error review. *See United States v. Navejar*, 963 F.2d 732, 734 (5th Cir. 1992). To establish plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights; if he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

We agree with the Government's contention that, under our precedent, the district court's determination that Benningfield obstructed justice by fleeing to Mexico during the investigation of his tax evasion offense is a factual finding that can never constitute plain error. *See United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012) (per curiam); *United States v. Lopez*, 923 F.2d

47, 50 (5th Cir. 1991).  In his reply brief, Benningfield preserves for possible en banc or Supreme Court review the question whether our precedent in this regard is erroneous.  As an alternative ground for our decision on this issue, we conclude that the district court's factual findings regarding Benningfield's prior escape from custody in Texas and his fugitive status in 1989 in Tennessee support the district court's ultimate conclusion that Benningfield obstructed justice by fleeing to Mexico.

We also may affirm the enhancement on any alternative ground apparent from the record.  *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).  Following a review of the merits of Benningfield's challenge to the § 3C1.1 enhancement, we conclude that Benningfield has not made the requisite showing of clear or obvious error.  *See Puckett*, 556 U.S. at 135.  In this respect, while we are cognizant that "avoiding or fleeing from arrest" is ordinarily not covered by the enhancement, *see* § 3C1.1 cmt. n.5(D), Benningfield's flight to Mexico and his extended stay in that country as a fugitive was obstructive and not an ordinary case of avoidance of arrest.

Benningfield also challenges the imposition of a two-level enhancement pursuant to U.S.S.G. § 2T1.1(b)(1).  This issue, too, is subject to plain error review due to the lack of a contemporaneous objection at sentencing.  *See Navejar*, 963 F.2d at 734.  As explained below, assuming *arguendo* that the district court committed clear or obvious error in applying the § 2T1.1(b)(1) enhancement, we conclude that Benningfield is not entitled to relief because he fails to show that the error affected his substantial rights.  *See Puckett*, 556 U.S. at 135.

"In the sentencing context, . . . an appellant can show an impact on substantial rights—and therefore a basis for reversal on plain error review—where the appellant can show a reasonable probability that, but for the district

No. 14-51217

court's error, the appellant would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). The appellant has the burden of establishing a reasonable probability of receiving a lower sentence. *Id.* at 647-48. Where, as here, the sentence imposed falls within both the correct and incorrect guidelines, we have "shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence," and we "do not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights." *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (per curiam).

Benningfield argues that there is a reasonable probability of a lower sentence in view of the gap between the correct guidelines range (33 to 41 months of imprisonment) and the incorrect guidelines range (41 to 51 months of imprisonment), in conjunction with the district court's statements at sentencing regarding his age and health. After a thorough examination of the record, we have determined that Benningfield fails to meet his burden under the plain error standard. *See Davis*, 602 F.3d at 647-48.

AFFIRMED; MOTION TO DISMISS APPEAL DENIED.