# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11091

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN CARLOS MARIN-CARDONA,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
October 1, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:95-CR-3-1

Before HAYNES, HO, and DUNCAN, Circuit Judges.

PER CURIAM:*

Defendant Juan Carlos Marin-Cardona appeals the district court's decision to apply an obstruction of justice enhancement to his sentence and deny him a reduction for acceptance of responsibility. We AFFIRM.

## I.  Background

In January 1993, Defendant Juan Carlos Marin-Cardona was convicted for importation of cocaine and possession with intent to distribute cocaine. He

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11091

was sentenced to 70 months imprisonment as to each count.  Marin-Cardona escaped from prison in November 1994.  In 2001, the United States Marshals Service (USMS) received a tip that Marin-Cardona would be traveling to Miami under the alias "Alexander Ray," but it was unable to locate him. Searches for Marin-Cardona were unsuccessful for the next fifteen years.  In March 2017, the USMS learned Marin-Cardona was using the alias "Alexander Rey" and living in Bogota, Colombia, where he owned a fashion boutique.  The USMS tracked Marin-Cardona via Facebook, and was able to pinpoint that he was in Mexico using a Colombian passport under the name "Alexander Rey Marin-Cardona."  After Mexican authorities detained Marin-Cardona, he was deported to Houston, where the USMS arrested him on the 1994 escape warrant.

Marin-Cardona pleaded guilty to escaping from federal custody.  The pre-sentence report (PSR) calculated a guidelines sentencing range of 24 to 30 months, based on an offense level of 15 and a criminal history category of III. The PSR included a two-level increase to Marin-Cardona's offense level for obstruction of justice under U.S.S.G. § 3C1.1, based on his name change to "Alexander Rey Marin-Cardona" four years after his escape from prison.  The USMS claimed the name change significantly impeded their investigation. The PSR also asserted a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 was not warranted because Marin-Cardona received an obstruction enhancement.  The district court adopted the PSR and addendum over the objection of both parties.  Marin-Cardona was sentenced to 30 months imprisonment to run consecutively to his unfinished sentence.  Marin-Cardona filed a timely appeal.  He now argues the district court erred both in applying the obstruction of justice enhancement as well as denying an acceptance of responsibility reduction.

No. 17-11091

## II.    Discussion

A. *Obstruction Enhancement*

We generally review a district court's findings of fact for clear error and its application of the sentencing guidelines de novo. *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999). Marin-Cardona contends that whether his name change actually qualifies for the obstruction enhancement relates to the application of the sentencing guidelines, and thus warrants de novo review. However, a finding that a defendant's undisputed conduct was committed "with the intent to obstruct or impede the administration of justice is a fact question which this court reviews for clear error." *United States v. Chavarria*, 377 F.3d 475, 477–78 (5th Cir. 2004), *cert. granted and judgment vacated on other grounds*, 543 U.S. 1111 (2005), *judgment reinstated*, 162 F. App'x 306 (5th Cir. 2006) (per curiam); *see also United States v. Cisneros*, 112 F.3d 1272, 1279 (5th Cir. 1997). We will not hold a finding of fact clearly erroneous unless we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Pofahl*, 990 F.2d 1456, 1480 (5th Cir. 1993). So long as "a factual finding is plausible in light of the record as a whole, it is not clearly erroneous." *Huerta*, 182 F.3d at 364.

A defendant is subject to an obstruction enhancement if he or she "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice." U.S.S.G. § 3C1.1. The district court applied the enhancement for the reasons stated in the PSR and addendum—that Marin-Cardona's name change willfully and significantly impeded the investigation. This is supported by the fact that Marin-Cardona's name change allowed him to evade the USMS for over twenty years, but he was apprehended less than two weeks after authorities searched for the correct name. Marin-Cardona argues he did not change his name for nefarious purposes; rather, "he was starting a fashion design business and he wanted to use the name 'Alexander

3

Rey' as his fashion design label." He also notes that had he intended to obstruct justice, he would not have waited four years after escape to change his name. It is not our role as an appellate court to weigh competing inferences and arrive at a decision:  when "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Hebert*, 813 F.3d 551, 560 (5th Cir. 2015).[1]

B. *Acceptance of Responsibility Reduction*

We review a district court's denial of a reduction for acceptance of responsibility under a highly deferential standard, and "will affirm a sentencing court's decision not to award a reduction under § 3E1.1 unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (per curiam) (internal quotation marks and brackets omitted) (quoting *United States v. Anderson*, 174 F.3d 515, 525 (5th Cir. 1999)). Conduct that results in an obstruction of justice enhancement under § 3C1.1, which was applied here, ordinarily "'indicates that the defendant has not accepted responsibility for his criminal conduct,' except in 'extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.'" *Id.* (quoting U.S.S.G § 3E1.1 cmt. n.4).

Marin-Cardona cites this court's unpublished opinion in *United States v. Gonzalez-Relova* to argue the district court erred because it determined an obstruction enhancement renders a reduction for acceptance of responsibility inappropriate as a matter of law.  988 F.2d 1211 at *1 (5th Cir. 1993); *see also*

---

[1] Aside from the name change, we have also held that a defendant's "extended stay in [another] country as a fugitive" constitutes obstructive conduct.  *United States v. Benningfield*, 628 F. App'x 315, 316 (5th Cir. 2016) (per curiam); *see also Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) ("An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority.").  That is precisely the case here.

No. 17-11091

*United States v. Rosales*, 612 F. App'x 778, 780 (5th Cir. 2015) (noting the district court was incorrect that an obstruction enhancement eliminates any possibility of an acceptance reduction).  But the district court made no such determination.  In fact, the PSR weighed Marin-Cardona's timely admission of guilt with his name change and acknowledged the district court had discretion to grant him a reduction for acceptance of responsibility.  Thus, Marin-Cardona's first argument fails.[2]

Marin-Cardona also argues the district court erred because "there was no mention of the 'extraordinary cases' exception or even a mention that the district court had the discretion and authority to allow for the reduction for acceptance of responsibility."  However, the PSR addendum, which the district court adopted in full, specifically refers to the exception.  The government also referenced the exception at the sentencing hearing.

By contrast, Marin-Cardona did not make any affirmative argument for why his case is extraordinary for the purposes of the exception.  It is the defendant's burden to prove entitled to the acceptance of responsibility offense level decrease.  *United States v. Rudzavice*, 586 F.3d 310, 316 (5th Cir. 2009).  We conclude that Marin-Cardona neither met his burden of proof at the district court nor overcomes the highly deferential review standard on appeal.

AFFIRM.

---

[2] The PSR also correctly notes that defendants are not entitled to acceptance of responsibility reductions as a matter of right under §3E1.1.

5