# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50265

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT JOSEPH MCNABB,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before SOUTHWICK, COSTA, and DUNCAN, Circuit Judges.

GREGG COSTA, Circuit Judge:

Robert McNabb pleaded guilty to possessing a gun after having been convicted of a felony. He appeals his sentence, arguing that the court should have awarded him an offense-level reduction for acceptance of responsibility and failed to consider his request for a downward variance. But in his plea agreement, McNabb waived his right to appeal the sentence. He tries to get around the waiver by arguing that the government breached the agreement. If he is right that the government did not live up to its end of the plea bargain, then he would not be bound by his agreement to forego an appeal. *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). So the gateway issue to this appeal is whether the government breached the plea agreement.

No. 19-50265

McNabb contends that the government broke its promise to "not oppose" a reduction for acceptance of responsibility. He did not make this argument in the district court where the issue could have been sorted out. As a result, it is not enough for McNabb to show that the district court made a mistake in not holding the government to the plea agreement. We can correct an error that was not raised in the district court only if, among other things, the error was obvious. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

During the sentencing hearing the government said nothing about acceptance of responsibility. That silence would seem to defeat McNabb's argument that the government opposed the reduction. But his argument depends on what happened before the hearing. We will thus recount the sequence of events that led the court to deny him an acceptance-of-responsibility reduction.

The original presentence investigation report (PSR) recommended that McNabb receive credit for accepting responsibility. The government filed an objection to that PSR, urging a two-point enhancement for obstruction of justice. *See* U.S.S.G. § 3C1.1. This request was based on McNabb's conduct before the plea, while he was in pretrial detention. McNabb "sent a threatening letter to a witness" and attempted to influence that witness's testimony. He also threatened to "smoke" the agent investigating his case during a jailhouse telephone call. As if that were not enough, McNabb wrote letters giving instructions for making methamphetamine.

After receiving this information, the Probation Office recommended the obstruction enhancement in a revised PSR. The obstructive conduct also caused Probation to change its mind about acceptance of responsibility. It no longer recommended the reduction. That is consistent with the Sentencing Guidelines' view that receiving an obstruction enhancement "ordinarily

2

indicates that the defendant has not accepted responsibility for his criminal conduct," except in "extraordinary cases in which adjustments" for both acceptance and obstruction may apply.  U.S.S.G. § 3E1.1 cmt. n.4; *see also United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (per curiam). The district court agreed with the revised PSR; it included the enhancement for obstruction and denied the reduction for acceptance of responsibility.

The close relationship between the obstruction and acceptance-of-responsibility adjustments is McNabb's argument for why the government breached the plea.  It means, according to him, that advocating for an obstruction enhancement was essentially opposing an acceptance-of-responsibility reduction.  McNabb can point to not just the Guidelines but also the plea agreement to show the strong, inverse correlation between obstruction and acceptance of responsibility.  The agreement states that McNabb "will not qualify" for an acceptance reduction if, among other things, he "engages in any conduct which may support an upward adjustment under U.S.S.G. § 3C1.1, Obstruction of Justice."  So while the Sentencing Guidelines provide that the two adjustments can coexist (even if only in extraordinary circumstances), the plea agreement says that obstructive conduct automatically prevents a credit for accepting responsibility.  The plea agreement also provides that McNabb's eligibility for the acceptance reduction would be determined based on his conduct "from the time [he] enters the plea of guilty . . . through the sentencing hearing."  It was thus improper, McNabb argues, for the government to use his pre-plea obstructive conduct as a basis for opposing acceptance of responsibility.

The government's main response is a simple but powerful one: it never expressly opposed a reduction for acceptance of responsibility, and that nonopposition is all that it promised.  *See United States v. Cluff*, 857 F.3d 292,

300–01 (5th Cir. 2017).  It does not matter in the government's view whether his obstructive conduct occurred before or after the plea.  The government's position is that its seeking of an obstruction enhancement (whether based on pre- or post-plea conduct) was not inconsistent with its promise to not oppose an acceptance reduction.  To further support that argument, the government notes that the plea agreement allowed it to "bring its version of the facts . . . to the attention of the United States Probation Office" and "dispute sentencing factors and/or facts material to sentencing in the presentence report."  We have held that such provisions are "broad enough" to allow the government to push for an obstruction enhancement even when the government agreed to support—rather than just "not oppose"—an acceptance-of-responsibility reduction.  *See id.* at 300 (interpreting plea agreement that reserved the government's right "to set forth or dispute sentencing factors or facts material to sentencing").  And the government is correct that this case is not like ones in which the government agrees to the defendant's total offense level and then seeks an enhancement that would exceed that agreed-upon level.  *See, e.g., United States v. Munoz*, 408 F.3d 222 (5th Cir. 2005).

The government appears to have the stronger argument under our caselaw.  If the government can seek an obstruction enhancement even when it agrees to recommend an acceptance-of-responsibility credit, *see Cluff*, 857 F.3d at 300–01, then it seems to follow that it can do the same when it merely agrees not to oppose an acceptance reduction.

But we need not definitively resolve whether the government breached this plea agreement.  At best, McNabb raises a close issue.  Close calls do not cut it for plain-error review.  By definition, a close call cannot be the obvious or plain error a defendant needs to show when asserting an error he did not give the district court a chance to fix.  *Puckett*, 556 U.S. at 135 (recognizing

that a claim of error "subject to reasonable dispute" does not meet the "clear" or "obvious" requirement).  McNabb's failure to get over the second hurdle of plain-error review is not surprising.  In one of the leading plain-error cases, the Supreme Court recognized that the obviousness requirement "will often have some 'bite' in plea-agreement cases." *Id*. at 143 (explaining that the "the scope of the Government's commitments will on occasion be open to doubt"). That is the case here. *See United States v. Rosales*, 612 F. App'x 778, 780 (5th Cir. 2015) (per curiam) (holding there was no obvious error when the government promised only "not to oppose" an acceptance reduction, advocated for an obstruction enhancement, and was silent at sentencing on the defendant's acceptance of responsibility).

Because McNabb is not entitled to relief on his claim that the government breached the plea deal, his appellate waiver remains enforceable. *Gonzalez*, 309 F.3d at 886.  Accordingly, his challenges to his sentence must be dismissed.

AFFIRMED IN PART AND DISMISSED IN PART.