# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2020

Lyle W. Cayce
Clerk

No. 19-51134
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BERNADETTE MICHELLE ARAGONES, *also known as* BERNADETTE MICHELLE ARAGONES, *also known as* BERNADETTE MICHELLE ARAGONES-RODRIGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-169-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Bernadette Michelle Aragones pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine and was sentenced to 180 months in prison, the mandatory minimum and effective

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

guidelines range, based on a prior conviction for a serious drug felony. She now challenges the validity of her plea based upon a language barrier, ineffectiveness of counsel, and the reasonableness and constitutionality of her sentence.

The record is not sufficiently developed to allow us to make a fair evaluation of Aragones's claims of ineffective assistance of counsel; we therefore decline to consider them without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Turning to her challenge to validity of her plea, her plea agreement contained a waiver of appellate rights (other than ineffective assistance of counsel and prosecutorial misconduct), but that fact does not bar a challenge to the validity of the plea. *United States v. White*, 307 F.3d 336, 343 (5th 2002). Her challenge appears to be based upon her allegation that she did not understand English sufficiently to understand the plea agreement. However, she had an interpreter at the rearraignment hearing, agreed under oath that she was guilty, and agreed to the relevant portions of the plea agreement. Her challenge thus fails. *See, e.g., United States v. Smith*, 598 F. App'x 219, 221 (5th Cir. 2014).

To the extent that her challenge to the district court's failure to appoint an interpreter in her pre-plea proceedings survives the appeal waiver, we find no abuse of discretion or constitutional violation given the district court's factual findings regarding Aragones's English language skills during the hearing on her request for substitute counsel. *See United States v. Carreon-Ibarra*, 673 F.3d 358, 362 n.3 (5th Cir. 2012); *Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *United States v. Martinez*, 616 F.2d 185, 188 (5th Cir. 1980). Aragones's sentencing claims are barred by the valid appeal waiver in her plea agreement. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

No. 19-51134

Accordingly, the judgment of the district court is AFFIRMED.