# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2022

Lyle W. Cayce
Clerk

No. 21-20213
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICHARD GARZA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-232-1

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Richard Garza pleaded guilty, pursuant to a plea agreement, to theft concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A).  In an appeal waiver in his plea agreement, Garza reserved the right to present on appeal or in a 28 U.S.C. § 2255 motion a claim of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

ineffective assistance of counsel (IAC).  He was sentenced to, *inter alia*, a within-Sentencing Guidelines term of 60 months' imprisonment.

He asserts:  his trial counsel rendered ineffective assistance by filing a frivolous motion to withdraw his guilty plea; and the district court erred by declining to grant him a reduction for acceptance of responsibility.

As noted *supra*, Garza reserved the right to claim IAC.  Generally, that claim "cannot be resolved on direct appeal when [it] has not been raised before the district court [because] no opportunity existed to develop the record on the merits of the allegations".  *United States v. Montes*, 602 F.3d 381, 387 (5th Cir. 2010) (citation omitted).  Instead, such claims ordinarily should be pursued on collateral review through the earlier-referenced 28 U.S.C. § 2255 motion.  *E.g.*, *Massaro v. United States*, 538 U.S. 500, 504–05 (2003) (explaining a § 2255 motion "is preferable to direct appeal" for IAC claims); *United States v. Villegas-Rodriguez*, 171 F.3d 224, 230 (5th Cir. 1999) (explaining our court "do[es] not review [an IAC] claim . . . on direct appeal unless the district court has first addressed it").  The record is not sufficiently developed to allow us to make a fair evaluation of Garza's IAC claim.  We therefore decline to consider it, without prejudice to collateral review.  *E.g.*, *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (declining consideration of IAC claim where record "undeveloped").

Next, Garza contends his below-discussed sentencing challenge is not barred by the appeal waiver in his plea agreement because the Government breached its obligations under the plea agreement relating to its promises: not to oppose a reduction for acceptance of responsibility under Guideline § 3E1.1; and to dismiss the remaining counts of the indictment.

Generally, "[w]hether the Government has breached a plea agreement is a question of law" reviewed *de novo*.  *United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014).  On the other hand, because Garza failed in

district court to object to the Government's claimed breach, review is limited to plain error. *E.g.*, *United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014). Under that standard, Garza must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

"The Government must strictly adhere to the terms and conditions of its promises in a plea agreement." *United States v. Harper*, 643 F.3d 135, 139 (5th Cir. 2011). And, if the Government breached the plea agreement, Garza is not "bound by his agreement to forego an appeal". *United States v. McNabb*, 958 F.3d 338, 339 (5th Cir. 2020). General principles of contract law are applied when a plea agreement's terms are interpreted. *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013).

The unambiguous language of the plea agreement shows the Government only agreed not to oppose a reduction for acceptance of responsibility. The agreement does not: impose the additional requirement that the Government must object to the lack of a reduction; or otherwise dictate the Government's actions if no such reduction is awarded. Consistent with the plea agreement, the Government did not oppose a reduction for acceptance of responsibility when it filed its response in district court to Garza's objections, nor did it take a position on such a reduction at sentencing.

But, for the second claimed breach of the plea agreement, the Government acknowledges it did not move to dismiss the remaining counts of the indictment at sentencing, conceding clear or obvious error. We need

not resolve whether Garza satisfies the remaining prongs of plain-error review because his below-discussed sentencing claim lacks merit. *See United States v. Aguirre*, 456 F. App'x 459, 462 (5th Cir. 2012) (stating that this court need not resolve whether Government breached plea agreement because defendant could not resolve remaining plain-error standard prongs).

Regarding the district court's not awarding Garza a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1, our court "will affirm the denial of a reduction for acceptance of responsibility unless it is without foundation, a standard of review more deferential than the clearly erroneous standard". *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019) (citation omitted). Although the court addressed both Garza's obstruction-of-justice enhancement and his attempt to withdraw his guilty plea as evidence that he was not entitled to an acceptance-of-responsibility reduction, the facts surrounding Garza's obstruction of justice alone provide sufficient foundation for the denial of the reduction. Conduct resulting in an obstruction-of-justice enhancement, pursuant to Guideline § 3C1.1, "ordinarily indicates . . . defendant has not accepted responsibility for his criminal conduct". U.S.S.G. § 3E1.1, cmt. n.4.

Although there may be "extraordinary cases" in which both adjustments apply, the district court did not find that to be the circumstance here. *See id.* At sentencing, the court highlighted the seriousness of Garza's attempt "to suborn perjury before a United States grand jury". *Cf. United States v. Rodriguez*, 942 F.2d 899, 902–903 (5th Cir. 1991) (affirming court's determination that acceptance-of-responsibility reduction not warranted in the light of defendant's § 3C1.1 enhancement where he provided court, through probation office, fraudulent birth certificate). The court's conclusion that extraordinary circumstances did not warrant an acceptance-of-responsibility reduction is not without foundation in the record.

No. 21-20213

Nonetheless, based on our review of the record and the briefs, including the Government's concession of clear or obvious error in its failure to dismiss the remaining counts in the indictment, we agree that Garza is entitled to limited relief. Accordingly, this case is REMANDED to district court for the limited purpose of entering a corrected judgment reflecting dismissal of the remaining counts in the indictment. The judgment is AFFIRMED in all other respects.

AFFIRMED in part; REMANDED.