# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

No. 10-41136
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE MANUEL HERNANDEZ-GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-675-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Following his guilty-plea conviction and sentence on one count of transportation of illegal aliens for purpose of commercial advantage or private financial gain, Jose Manuel Hernandez-Garcia contends: the Government breached the plea agreement by opposing at sentencing his request for an acceptance-of-responsibility adjustment.

"Plea bargain agreements are contractual in nature, and are to be construed accordingly." *United States v. Moulder*, 141 F.3d 568, 571 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1998) (citation and internal quotation marks omitted). "In determining whether the terms of the plea bargain have been violated, [our] court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002) (citation and internal quotation marks omitted). Our court reviews a breach-of-plea-agreement claim *de novo*; the district court's factual findings are reviewed for clear error. *United States v. Davis*, 393 F.3d 540, 546 (5th Cir. 2004).

In exchange for Hernandez' plea, the Government agreed, *inter alia*, "[a]t the time of sentencing, . . . not to oppose defendant's anticipated request . . . that he/she receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) *should the defendant accept responsibility as contemplated by the Sentencing Guidelines*". (Emphasis added.) But, in the light of Hernandez' assault on his co-defendant, the district court determined that Hernandez had obstructed justice and was, therefore, *not* entitled to an acceptance-of-responsibility adjustment. The court also determined Hernandez had *not* given truthful testimony at the sentencing hearing and this was a further basis for denying the adjustment. Hernandez does *not* challenge on appeal the district court's determinations that he obstructed justice and gave untruthful testimony.

Guidelines § 3E1.1 provides for a decrease of up to three levels if defendant  accepts responsibility for his offense. U.S.S.G. § 3E1.1(a). "If a defendant enters a guilty plea prior to trial, truthfully admits the conduct comprising the offense, and admits, or at least does not falsely deny, any additional relevant conduct for which he is accountable, the court may find significant evidence of the defendant's acceptance of responsibility." *United States v. Medina-Anicacio,* 325 F.3d 638, 648 (5th Cir. 2003); *see* U.S.S.G. § 3E1.1, comment (n.3). On the other hand, and understandably, conduct such as obstructing justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct". U.S.S.G. § 3E1.1, comment (n.4).

No. 10-41136

Because Hernandez did *not* accept responsibility under the Guidelines, the condition triggering the Government's obligation *not* to oppose Hernandez' request for an adjustment was *not* fulfilled; the Government was, therefore, *not* in breach of the agreement by opposing his request for an acceptance-of-responsibility adjustment. *See United States v. Mejia*, No. 93-2611, 1994 WL 243287, *1 (5th Cir. May 19, 1994) (unpublished); *see also* 5TH CIR. R. 47.5.3 (unpublished opinion before 1996 is precedential). Hernandez' contention–that the Government remained contractually bound by the plea agreement because it failed to follow the procedure established by the agreement to determine if a breach by Hernandez had occurred–is unavailing. Because a breach of the agreement by Hernandez was *not* at issue in district court, the provision on which he relies was *not* implicated.

AFFIRMED.