## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20116

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CURTIS JAMES CLUFF,

Defendant - Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, and HAYNES, Circuit Judges, and JUNELL, District Judge.[*]

JUNELL, District Judge:

Curtis Cluff pleaded guilty to conspiracy to possess with intent to distribute cocaine under 21 U.S.C. §§ 841, 846, and was sentenced to 99 months' imprisonment and 5 years of supervised release. Following his sentence, Cluff filed a motion for new trial, alleging the Government breached the plea agreement. The district court denied the motion and Cluff appealed. We AFFIRM.

I.

In October 2014, Curtis Cluff was charged in a two-count indictment with conspiracy to possess with intent to distribute cocaine under 21 U.S.C.

---

[*] District Judge of the Western District of Texas, sitting by designation.

No. 16-20116

§§ 841, 846, and aiding and abetting bulk cash smuggling under 31 U.S.C. § 5332 and 18 U.S.C. § 2. The events giving rise to those charges occurred in 2011; however, Cluff entered into an agreement with the Government in January 2012 to work as a confidential informant. The Government states the agreement provided that as long as he was working for the Government, he would not be prosecuted. Cluff continued working in this capacity until March 2014 when he was hospitalized after being shot by a police officer who was the subject of an investigation in which Cluff was assisting.

In March 2015, Cluff moved to dismiss the indictment based on the doctrine of equitable immunity. Therein, Cluff stated he believed that as long as he cooperated with law enforcement, he would not be prosecuted at all.[1] He also explained the only reason he ceased working as an informant was because all contact with his supervising agents ceased after he was shot. The Government filed a response in opposition to Cluff's motion, acknowledging that they had approached Cluff to be an informant, but denying any promise or representation had been made by a law enforcement officer or prosecutor that he would not be charged. Cluff was informed he would ultimately be charged once his cooperation was complete.

Upon the district court's denial of the motion to dismiss, Cluff pleaded guilty to count one—conspiracy to possess with intent to distribute cocaine— and entered into a plea agreement with the Government. The agreement provided that the Government would move to dismiss count two; recommend a two-level downward adjustment for acceptance of responsibility "should the defendant accept responsibility as contemplated by the Sentencing Guidelines"; recommend an additional one-level reduction based on the

---

[1] In the motion, he alleged that he was "offered the opportunity of freedom for him and his family" if he worked as an informant.

No. 16-20116

timeliness of his plea; recommend he only be held accountable for 65.32 kilograms of cocaine; not seek a money judgment forfeiture; and recommend he receive the benefits of the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, if eligible. In addition, the Government indicated it may file a motion for departure under U.S.S.G. § 5K1.1 as a result of Cluff's cooperation. At the plea hearing, Cluff acknowledged that the terms of the plea agreement were correct, no other promises had been made to induce him to plead guilty, and he understood the terms of the plea agreement.

The Presentence Investigation Report (PSR) assessed a base offense level of 38 upon finding that Cluff was responsible for 615 kilograms of cocaine. The probation officer also recommended a four-level enhancement based on Cluff's role as an organizer or leader, which resulted in a total offense level of 42. With an offense level of 42 and a criminal history category of I, his guideline range for imprisonment was 360 months to life.

Cluff objected to the PSR to the extent it did not conform to the plea agreement. He objected to the amount of cocaine as well as the leadership enhancement and sought a reduction for acceptance of responsibility and application of the safety valve provision. The Government filed a response, recommending Cluff be given safety valve and that he be held accountable for only 65.32 kilograms of cocaine, as agreed in the plea agreement. The Government also contested the leadership enhancement. Subsequently, the Government filed a motion for sentence reduction pursuant to § 5K1.1 and recommended Cluff receive a three-level reduction for acceptance of responsibility, which would result in a recommended guideline range of 46 to 57 months' imprisonment.

II.

At the sentencing hearing on December 1, 2015, Cluff accepted responsibility for his actions. He then explained to the court that he became

an informant based on his understanding that he had entered into an agreement with the DEA agents that if he worked for the Government, he would not be charged at all. Assistant United States Attorney (AUSA) Ralph Imperato denied ever having made such a promise, explaining that Cluff was told he would go to prison, but the amount of time he would serve was dependent upon his level of cooperation. The district judge asked Cluff who had made him this alleged promise, to which he replied with "Mr. Imperato." Again, AUSA Imperato denied Cluff's statement, accused him of lying to the court, and asked the court to allow him to withdraw his guilty plea. Instead, the district court recessed the hearing to give the parties time to resolve the issue.

The day before the second sentencing hearing, the Government filed a modified motion for sentence reduction. The motion alleged that Cluff made false statements under oath at the December 1 hearing and, therefore, he did not accept responsibility as contemplated by the Sentencing Guidelines, as was required by the plea agreement. The Government then withdrew its previous recommendation concerning acceptance of responsibility and recommended he be given a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1.[2] However, given Cluff's substantial assistance as an informant, the Government recommended a downward departure under § 5K1.1.

The parties reconvened before the court on December 22, 2015. Again, Cluff accepted responsibility. In addition, he stated that if he misconstrued or misunderstood the agreement, he wanted to apologize to AUSA Imperato. At the conclusion of the hearing, the district court sentenced him to 99 months of imprisonment followed by 5 years of supervised release. In so ruling, the court

---

[2] This changed his recommended guideline range from 46 to 57 months to 80 to 99 months, which included the departure under § 5K1.1.

No. 16-20116

declined to grant Cluff a reduction for acceptance of responsibility.  Instead, the court imposed an additional two points for obstruction of justice but reduced his sentence by granting the Government's motion for a § 5K1.1 departure.

Cluff then filed a timely motion for new trial, arguing the Government breached the plea agreement by recommending that the court deny acceptance of responsibility and impose a two-level increase for obstruction of justice. After a hearing, the district court denied Cluff's motion for new trial, reasoning that he had made a materially false statement at the December 1, 2015 hearing.[3]  Accordingly, the court found the Government was not obligated to recommend a downward adjustment for acceptance of responsibility and, thus, did not breach the plea agreement.

## III.

As a preliminary matter, the Government argues this appeal should be dismissed as a result of the appellate waiver in the plea agreement.  However, the appeal may proceed notwithstanding the waiver.  *See United States v. Purser*, 747 F.3d 284, 289 (5th Cir. 2014) (stating a claim for breach of a plea agreement may be raised despite the waiver provision of the plea agreement); *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010).

A district court's ruling on a motion for new trial is reviewed for an abuse of discretion.  *United States v. Piazza*, 647 F.3d 559, 564 (5th Cir. 2011).  A claim that the government breached the plea agreement is reviewed *de novo* unless the defendant failed to preserve his objection, in which case the claim is reviewed for plain error.  *United States v. Kirkland*, 851 F.3d 499, 502–03

---

[3] Although Cluff had made the same assertions before the December 1, 2015 hearing, the district court determined that this was the first instance Cluff had made a "materially false statement to a judge that would trigger an obstruction of justice enhancement and require the withdrawal of the recommendation for acceptance of responsibility."

5

No. 16-20116

(5th Cir. 2017); *Purser*, 747 F.3d at 290; *Puckett v. United States*, 556 U.S. 129, 131 (2009).

Cluff did not object to the district court's findings regarding acceptance of responsibility or obstruction of justice before the conclusion of the second sentencing hearing. Instead, he waited to raise the issues now on appeal in his motion for new trial, which was filed on December 29, 2015, seven days after the second sentencing hearing. Therefore, we find Cluff did not preserve his objections, triggering plain error review. In order to succeed under plain error, Cluff must show there was an error or defect that was clear or obvious and affected his substantial rights. *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc).

Finally, we "accept[] the district court's factual findings unless clearly erroneous.'" *United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011) (quoting *United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008)).

## IV.

Cluff asserts the Government breached the plea agreement in two ways: first, by withdrawing its recommendation that he be granted a downward adjustment for acceptance of responsibility; and second, by requesting a two-level increase for obstruction of justice.

In interpreting terms of a plea agreement, courts are to apply general principles of contract law. *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *United States v. Saling*, 205 F.3d 764, 767 (5th Cir. 2000) (internal quotations and citations omitted). To determine whether the terms of the plea agreement have been violated, the court must consider "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *Pizzolato*, 655 F.3d

6

No. 16-20116

at 409 (internal quotations and citations omitted). The court should also consider both express and implied terms of the plea agreement. *See United States v. Munoz*, 408 F.3d 222, 227 (5th Cir. 2005).

Cluff's plea agreement provided that "[a]t the time of sentencing, the United States agrees to recommend that the defendant receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines." The agreement also stated that "the United States reserves the right . . . to set forth or dispute sentencing factors or facts material to sentencing."

Section 3E1.1 of the Sentencing Guidelines permits a two-level decrease in a defendant's sentence so long as he clearly demonstrates acceptance of responsibility. The Guidelines also authorize a court to increase the offense level by two levels for obstructing justice if:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct.

U.S.S.G. § 3C1.1. The commentary provides a non-exhaustive list of examples of conduct covered by the enhancement, including "providing materially false information to a judge or magistrate judge." U.S.S.G. § 3C1.1, comment. (n.4(F)). The Guidelines defines material as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n.6). The commentary of § 3E1.1 then states that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."

No. 16-20116

U.S.S.G. § 3E1.1, comment. (n.4). In other words, "[a]n obstruction of justice charge almost always necessarily militates against an acceptance of responsibility recommendation by the government and a sentence reduction by the district court." *United States v. Quintero*, 618 F.3d 746, 751–52 (7th Cir. 2010). For the reasons discussed below, both of Cluff's theories concerning the Government's alleged breach fail.

A.

We first address Cluff's claim that the Government breached the plea agreement by withdrawing its recommendation that he receive acceptance of responsibility credit. Cluff acknowledges that per the plea agreement, the Government only agreed to recommend a downward adjustment for acceptance of responsibility if he "accept[ed] responsibility as contemplated by the Sentencing Guidelines." We have previously held that the Government does not breach a plea agreement by withdrawing a recommendation for, or failing to recommend, acceptance of responsibility credit where the agreement, such as the one at issue here, conditions the Government's obligation to recommend acceptance credit on the defendant "accepting responsibility as contemplated by the Sentencing Guidelines," and the defendant fails to do so.

In *United States v. Mejia*, No. 93-2611, 24 F.3d 239 (5th Cir. 1994) (per curiam) (table), 1994 WL 243287, at *1,[4] we held that the Government did not breach the plea agreement by failing to recommend a three-point reduction for acceptance of responsibility because the defendant "minimiz[ed] his role in the offense during his interview with the probation officer." Thus, the condition necessary to trigger the Government's obligation to recommend the reduction promised in the plea agreement had not been satisfied.

---

[4] *See also* 5th Cir. R. 47.5.3 (unpublished opinion before 1996 is precedential).

In addition to the fact that *Mejia* is our binding precedent, our court has issued several unpublished opinions reaching the same conclusion.  We find these cases both instructive and persuasive.  In *United States v. Hernandez-Garcia*, 442 F. App'x 136, 137 (5th Cir. 2011) (per curiam), the district court found the defendant had not given truthful testimony at the sentencing hearing and had, therefore, obstructed justice.  As a result, he was not entitled to a reduction of his sentence for acceptance of responsibility.  We agreed, reasoning that "[b]ecause Hernandez did not accept responsibility under the Guidelines, the condition triggering the Government's obligation not to oppose Hernandez' request for an adjustment was not fulfilled; the Government was, therefore, not in breach of the agreement by opposing his request for an acceptance-of-responsibility adjustment."  *Id.* (emphasis omitted); *cf. United States v. Bell*, 417 F. App'x 420, 422 (5th Cir. 2011) (per curiam) (holding the same where the defendant "offered exculpatory and irrelevant interpretations of transactions and events; deflected responsibility; denied or discounted relevant conduct; portrayed himself as a victim of unfair Government treatment; and generally denied or minimized his culpability" at the sentencing hearing).  A contrary unpublished opinion, *United States v. Antunez*, 269 F. App'x 528 (5th Cir. 2008) (per curiam), finding breach of the plea agreement, is error in light of *Mejia.*

Here, the district court found Cluff obstructed justice by making a materially false statement to the court "when he claimed the Government informed him he would not be prosecuted."  As a result the court determined the Government had not breached the plea agreement because Cluff had not accepted responsibility as contemplated by the Guidelines.  Whether Cluff made a materially false statement to the judge is a fact issue and, unless clearly erroneous, we defer to the district court.  *Pizzolato*, 655 F.3d at 409.  Given the fact-intensive nature of this inquiry, the district court was in a better

position to make that determination, which was not clearly erroneous. Accordingly, we defer to the district court's determination that Cluff made a materially false statement. In light of Cluff's statement, the condition necessary to obligate the Government to recommend acceptance was never triggered. Thus the Government did not breach the plea agreement by recommending that the district court deny acceptance of responsibility credit to Cluff.

B.

We now turn to Cluff's assertion that the Government breached the plea agreement by moving to increase his sentence by two levels for obstructing justice. Cluff argues the condition in the plea agreement created an implicit promise not to argue for an enhancement. He directs the court to *United States v. Munoz*, 408 F.3d 222 (5th Cir. 2005). In *Munoz*, we found there was an implied promise that the Government would not argue for any enhancement not included in the plea agreement. The Government breached the plea agreement by advocating for an enhancement for an abuse of trust after the parties agreed to a specific guideline calculation, which did not include that particular enhancement. *Id.* at 227. We held that "[e]ven though the Government reserved the right to 'dispute sentencing factors or facts material to sentencing,' the Government implicitly promised not to argue for an enhancement that was not part of the plea agreement." *Id.*

However, Cluff's case is distinguishable from *Munoz*. The controlling factor in *Munoz* was that the parties stipulated to the total offense level. The agreement also set forth a specific guideline calculation that included a list of adjustments and enhancement that would apply to the defendant's sentence, and that list did not include the enhancement the Government attempted to proffer at sentencing. There were no such provisions in Cluff's plea agreement—the agreement did not stipulate to a total offense level or include

10

a list of potential enhancements. The agreement here merely provided that the Government would recommend credit for acceptance if Cluff accepted responsibility as contemplated by the Guidelines, and he failed to do so. Thus, his reliance on *Munoz* is improper. *See Purser*, 747 F.3d at 294 (finding that, unlike *Munoz*, there was no provision in the plea agreement regarding a total offense level and therefore, there was "no implicit commitment on part of the government as to any Guidelines provisions not mentioned in the plea agreement").

Cluff's agreement also stipulated that the Government retained the right "to set forth or dispute sentencing factors or facts material to sentencing." This provision is broad enough to cover enhancements such as the one at issue here regarding obstruction of justice. The same provision was included in the plea agreement in *Munoz*, but the Government was precluded from relying on it given that the parties stipulated to the total offense level. Because Cluff's agreement did not stipulate to a total offense level, the Government was entitled to dispute facts material to sentencing and recommend enhancements not specifically mentioned in the plea agreement.

Under the circumstances presented here, it was not improper to deny a reduction for acceptance of responsibility and impose an increase for obstruction of justice. *See United States v. Rodriguez*, 942 F.2d 899, 902–03 (5th Cir. 1991) (upholding the district court's denial of acceptance of responsibility and imposition of an obstruction of justice enhancement). The language of Cluff's plea agreement was clear. The Government was only obligated to recommend a reduction for acceptance of responsibility if Cluff accepted responsibility as contemplated by the Guidelines. He failed to do so. As a result, the Government was not required to recommend acceptance credit and did not breach the plea agreement by advocating against such a reduction. In addition, the agreement provided that the Government retained the right to

No. 16-20116

bring up other sentencing factors or facts material to sentencing. There was nothing in the agreement that prevented the Government from raising the obstruction enhancement. While there are "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply," this is not one of those cases. U.S.S.G. § 3E1.1, comment. (n.4). Accordingly, we conclude the Government did not breach the plea agreement.

V.

Next, Cluff argues judicial estoppel should have prevented the Government from advocating for the obstruction of justice enhancement and that its actions constituted prosecutorial vindictiveness. Given that neither issue was raised in the district court, we review for plain error. *United States v. Rodriguez*, 602 F.3d 346, 351 (5th Cir. 2010).

A.

We first address his claim that the Government was judicially estopped from arguing for an obstruction enhancement. Judicial estoppel is a doctrine that "'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'" *Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014) (quoting *Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996)). At the outset, judicial estoppel "has apparently never been applied against the government in a criminal case." *Nichols v. Scott*, 69 F.3d 1255, 1272 (5th Cir. 1995). However, we have previously assumed without deciding that judicial estoppel can apply to the government in criminal cases. *United States v. McCaskey*, 9 F.3d 368, 378–79 (5th Cir. 1993) (per curiam). Assuming that the doctrine can apply to the government, to succeed Cluff must first establish that "the position of the party to be estopped is clearly inconsistent with its previous one; and [second,] that party must have convinced the court to accept that

12

previous position." *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 398 (5th Cir. 2003) (quotation omitted).

According to Cluff, the Government threatened it would not file a § 5K1.1 motion and would withhold a recommendation for acceptance of responsibility if he filed the motion to dismiss the indictment. Cluff disregarded the threat and filed the motion to dismiss. Despite its threat, the Government filed objections to the PSR that were consistent with the plea agreement, recommended he receive a downward adjustment for acceptance of responsibility, and filed the § 5K1.1 motion. It was not until Cluff's statements at the December 1, 2015 sentencing hearing that the Government changed positions by filing a modified motion for sentence reduction seeking to withdraw its recommendation for a reduction for acceptance of responsibility and recommending an enhancement for obstruction of justice.

Cluff is correct in his assertion that the position taken by the Government before the December 1, 2015 hearing was inconsistent with its position after the hearing. Yet, he has not shown that the Government convinced the district court to accept the previous position. Cluff relies on the district judge's statement during the December 22, 2015 hearing stating, "I . . . hereby decide and, to whatever extent necessary, reverse the prior ruling relative to acceptance," to show that the court accepted the previous position and intended to reverse it. However, an examination of the record shows the court did not make any rulings during the December 1 hearing. Instead, the district judge recessed the hearing and reset it for December 22 to give the parties time to resolve the discrepancy. The acceptance of responsibility and obstruction of justice issues were not decided until the December 22 hearing. Thus, the Government was not estopped from recommending that the court deny a reduction for acceptance of responsibility and to instead apply a two-level increase for obstructing justice.

No. 16-20116

B.

As for Cluff's prosecutorial vindictiveness claim, he acknowledges that vindictiveness does not typically arise unless "a defendant receives a harsher sentence after winning an appeal or habeas petition," and that he has not received a second sentence. Nevertheless, Cluff takes issue with the various positions articulated by the Government from the time of his plea to sentencing and argues these actions demonstrated vindictiveness.[5]

A defendant can prove vindictiveness in one of two ways: first, he can present objective evidence to show that the prosecutor's actions were designed to punish him for asserting a legal right; and second, he may be able to show sufficient facts that give rise to a presumption of vindictiveness. *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008). A presumption of vindictiveness only arises "where there exists a realistic likelihood of vindictiveness." *Id.* (internal quotations omitted). The presumption does not arise if, after examining the prosecutor's actions in the context of the entire proceeding, "any objective event or combination of events in those proceedings should indicate to a reasonable minded defendant that the prosecutor's decision . . . was motivated by some purpose other than a vindictive desire to deter or punish appeals." *United States v. Wells*, 262 F.3d 455, 466–67 (5th Cir. 2001) (internal citation and quotation omitted). "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Alabama v. Smith*, 490 U.S. 794, 799 (1989).

There is no indication the Government's actions were designed to punish Cluff. First, he was not asserting a legal right. Second, the terms of the plea

---

[5] These various positions included the threats made regarding the motion to dismiss, which despite the filing of the motion to dismiss, were not carried out until sentencing, and the objections to the PSR, to the extent it did not conform to the plea agreement.

agreement provided that the Government would recommend a reduction for acceptance of responsibility only if Cluff accepted responsibility as contemplated by the Guidelines. Once Cluff stated at the December 1 hearing, under oath, that he did not believe he would be charged at all as a result of his cooperation, it was the Government's belief that he had made a materially false statement to the court, which entitled the Government to recommend against acceptance of responsibility. Notably, the Government still recommended he receive a reduction in his sentence pursuant to § 5K1.1, further evincing it did not intend to punish him improperly. Accordingly, the record does not support Cluff's claim of prosecutorial vindictiveness.

## VI.

For the foregoing reasons, we hold that the district court did not err in denying Cluff's motion for new trial. The district court's judgment is, therefore, AFFIRMED.