# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50282
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTIAN JAMES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-918-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Christian James appeals the 235-month, within-guidelines sentence imposed following his guilty-plea conviction of possession with intent to distribute more than 500 grams of methamphetamine. He asserts that the Government breached the plea agreement. He bases his challenge on the alleged, erroneous obstruction-of-justice enhancement pursuant to U.S.S.G. § 3C1.1 and the alleged, erroneous denial of a reduction for acceptance of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50282

responsibility under U.S.S.G. § 3E1.1.  The Government moves to dismiss the appeal based upon the appellate waiver in James's plea agreement, pursuant to which James explicitly waived his right to appeal his sentence on any ground (subject to exceptions not here at issue).

A defendant may waive the right to appeal if the waiver is knowing and voluntary.  *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  Preliminarily, James concedes that our precedent forecloses his argument that his appellate waiver is unenforceable because he could not have knowingly and voluntarily waived his appellate rights before his sentence was imposed.  *See, e.g.*, *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992).

James insists that the appellate waiver was not knowing and voluntary because he relied upon, and the Government breached, an implicit promise that "any enhancement sought by the [G]overnment would be made consistent with the Sentencing Guidelines."  We have held that a defendant may raise a claim for breach of an implicit promise in a plea agreement even though the agreement also contained an appellate waiver.  *United States v. Cluff*, 857 F.3d 292, 297, 300 (5th Cir 2017).  However, James concedes that, because he did not argue the existence of such an implicit promise (or that the Government breached it) in the district court, our review is for plain error only.  *See United States v. Kirkland*, 851 F.3d 499, 502-03 (5th Cir. 2017).

We apply general principles of contract law to interpret the terms of a plea agreement and generally will not look beyond the agreement's four corners if it is unambiguous.  *United States v. McClure*, 854 F.3d 789, 793 (5th Cir. 2017).  James cites no ambiguity in the plea agreement or any other basis in the record supporting the existence of the implicit promise he posits (which, we note, would essentially obviate the waiver contained in his plea agreement if countenanced), and we decline to look beyond the clear appellate waiver

contained within the four corners of his plea agreement. *See id.* We likewise decline to consider James's assertion, raised for the first time in his reply, that the Government should be judicially estopped from relying upon the appellate waiver. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

The record reflects that James agreed that he had read, understood, and voluntarily agreed to the terms of his plea agreement, and he acknowledges that the district court specifically admonished him regarding the appeal waiver during his plea colloquy. "Because [James] indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary." *McKinney*, 406 F.3d at 746. The plain language of the waiver bars his substantive challenges to the § 3C1.1 increase and the denial of a § 3E1.1 decrease. *See id.* Accordingly, we GRANT the Government's motion and DISMISS the appeal.