# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2020

Lyle W. Cayce
Clerk

No. 19-50820
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROMAN GABRIEL GONZALES, *also known as* ROMAN, *also known as* GABE ROMAN, *also known as* ROMAN GONZALES, *also known as* ROMAN G. GONZALES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-391-18

Before HAYNES, WILLETT, and HO, *Circuit Judges*.
PER CURIAM:*

Roman Gabriel Gonzales pleaded guilty, pursuant to a plea agreement, to interfering with commerce by threats or violence and conspiring to distribute methamphetamine and heroin, and the district court sentenced

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-50820

him below the applicable guidelines range to concurrent terms of 216 months of imprisonment. Gonzales contends that the Government breached a provision of his plea agreement—in which provision Gonzales acknowledges that the district court would consider the Sentencing Guidelines and applicable policy statements in determining his sentence—because the Government proffered, and the district court relied upon, what he characterizes as unreliable evidence to support the drug-quantity calculation used to determine his U.S.S.G. § 2D1.1(c) base offense level. Gonzales presses this argument despite both that the provision at issue says nothing regarding any Governmental obligation and that the Government explicitly reserved its rights to bring its version of the facts relevant to sentencing as part of the plea agreement.

Although Gonzales waived his right to appeal his sentences as part of his plea agreement, that waiver does not preclude our consideration of his breach argument. *See United States v. Cluff*, 857 F.3d 292, 297 (5th Cir. 2017). As the party alleging a breach of the plea agreement, Gonzales must prove by a preponderance of the evidence that the underlying facts establish a breach. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). When determining whether the Government violated the terms of a plea agreement, we consider "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *Cluff*, 857 F.3d at 298 (internal quotation marks and citation omitted).

In the district court, Gonzales contended that the Government had breached his plea agreement by proffering evidence not otherwise mentioned in the record and of which counsel was previously unaware; as he did not raise his current breach argument in the district court, we review only for plain error. *See Puckett v. United States*, 556 U.S. 129, 133-35 (2009); *United States v. Kirkland*, 851 F.3d 499, 502-03 (5th Cir. 2017). Because Gonzales does not even attempt to show plain error, his claim necessarily fails. *See*

No. 19-50820

*Puckett*, 556 U.S. at 135. In any event, Gonzales's baseless interpretation of the plea agreement is wholly unreasonable, and his argument is patently meritless. *See Cluff*, 857 F.3d at 298.

AFFIRMED.