# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2020

Lyle W. Cayce
Clerk

No. 20-60062
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CORDARRYL ANTONIO BETTON, *also known as* COCO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CR-63-5

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

Cordarryl Antonio Betton appeals his 135-month sentence for possession with intent to distribute cocaine. He argues that the Government breached the plea agreement by advocating for a sentencing enhancement that disqualified him from the application of the safety valve. He also argues

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

that the sentence is unreasonable because the evidence did not support the application of the enhancement or the denial of the benefit of the safety valve.

Because Betton did not argue that the Government breached the plea agreement in the district court, we review this claim for plain error only. *See United States v. Cluff*, 857 F.3d 292, 297 (5th Cir. 2017). To establish plain error, Betton must demonstrate (1) an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies these conditions, this court has the discretion to correct the error and should do so if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (internal quotation marks and citation omitted).

We apply general principles of contract law in interpreting a plea agreement and consider whether the Government's conduct is consistent with the defendant's reasonable understanding of the agreement. *United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011). The defendant has the burden of proving by a preponderance of the evidence the underlying facts that establish a breach. *Id.*

Betton fails to establish that the Government's argument in support of the firearm enhancement was inconsistent with a reasonable understanding of the plea agreement. *See Cluff*, 857 F.3d at 300. Because he fails to show that the Government breached the plea agreement, Betton cannot satisfy the requirements of *Puckett*. 556 U.S. at 135. Betton's appeal waiver, which the Government invokes, bars his challenge to the reasonableness of his sentence and the application of the enhancement. *See United States v. Oliver*, 630 F.3d 397, 414-15 (5th Cir. 2011). Accordingly, the Government's request to dismiss the appeal is granted. *See United States v. Story*, 439 F.3d 226, 230 n.5 (5th Cir. 2006).

APPEAL DISMISSED.