# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2021

Lyle W. Cayce
Clerk

No. 20-60687
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Montarius Montrael Shabazz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CR-52-1

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Pursuant to a plea agreement, Montarius Montrael Shabazz pleaded guilty to one count of possession of a firearm by an unlawful user of a controlled substance. The district court sentenced Shabazz to 90 months of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60687

imprisonment, which was within the lower half of the applicable guidelines range.  He now appeals his sentence.

Although his plea agreement contained an appeal waiver, Shabazz argues that his appeal is not barred because the Government breached the agreement by supporting the wrong standard to determine his base offense level and thereby eviscerated its promise to recommend that the court impose a sentence within the lower 50 percent of the applicable guidelines range.  Shabazz further claims that the sentence imposed is procedurally unreasonable.

Shabazz's argument concerning a breach of his plea agreement is subject to plain error review because he did not raise it in the district court. *See United States v. Cluff*, 857 F.3d 292, 297 (5th Cir. 2017).  The argument fails because he does not show error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  At sentencing, the Government complied with the unambiguous terms of the plea agreement by recommending that Shabazz be sentenced within the lower 50 percent of the guidelines range.  The language of the plea agreement and the plea agreement supplement does not contain any reference to relevant conduct, Shabazz's base offense level, or any government duty related to the proper calculation of the guidelines range. The attempt to hold the Government to promises that are not contained in the plea agreement amounts to an unreasonable understanding of the plea agreement.  *See United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014); *United States v. Harper*, 643 F.3d 135, 139 (5th Cir. 2011).

Shabazz's appeal waiver, which the Government invokes, bars his challenge to the procedural reasonableness of his sentence.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  Accordingly, the Government's

2

No. 20-60687

request to dismiss the appeal is granted. *See United States v. Story*, 439 F.3d 226, 230 n.5 (5th Cir. 2006).

DISMISSED.