# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2022

Lyle W. Cayce
Clerk

No. 21-10674

United States of America,

*Plaintiff—Appellee*,

*versus*

Eric Ray Smith,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-314-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Eric Ray Smith appeals his conviction and sentence for possession with intent to distribute methamphetamine. He contends that the Government breached his plea agreement by using information it obtained during his pre-plea agreement interview to increase his guidelines sentencing range.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10674

At sentencing, Smith did not object on this basis. Instead, he conceded that this information could be used in calculating his guidelines range. Thus, we review for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Cluff*, 857 F.3d 292, 297 (5th Cir. 2017). We apply general principles of contract law in interpreting a plea agreement and consider "whether the [G]overnment's conduct is consistent with the defendant's reasonable understanding of the agreement." *Cluff*, 857 F.3d at 298 (internal quotation marks and citation omitted). The defendant has the burden of proving by a preponderance of the evidence the underlying facts that establish a breach. *United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011).

Smith's plea agreement is no model of contract draftsmanship. On the one hand, it specifies that "USSG § 1B1.8 is applicable to [Smith]." That might be fatal to Smith's argument. That is because the Sentencing Guideline's § 1B1.8 expressly provides that the Government may use information "known" to it "prior to entering into" the plea agreement. U.S. Sent'g Guidelines Manual § 1B1.8(b)(1). But on the other hand, the very next sentence in Smith's plea agreement supports him. That sentence expressly provides that "[a]*ny* information provided by [Smith], other than that charged in the Indictment, in connection with [Smith's] assistance to the government, including *debriefing* and testimony, will not be used to increase [his] Sentencing Guideline level." (Emphasis added.) Since part of the plea agreement supports Smith, and part of the plea agreement opposes Smith, the plea agreement is at least ambiguous on this issue. Even so, all that means is that the plea agreement's scope on this issue is "subject to reasonable dispute." *Puckett*, 556 U.S. at 135. And that is not good enough to satisfy the plain-error standard. *See id.* (requiring a "clear or obvious" error); *Cluff*, 857 F.3d at 297 (same).

No. 21-10674

Because Smith's argument is not frivolous and is not foreclosed by published precedent,[1] the Government's motion for summary affirmance is DENIED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Because there is no clear or obvious error on this record, we AFFIRM the judgment of the district court and DENY the Government's alternative motion for an extension of time as moot.

---

[1] The Government argues that our unpublished decision in *United States v. Regan*, 831 F. App'x 743 (5th Cir. 2020), forecloses Smith's argument. We disagree since "[u]npublished opinions issued on or after January 1, 1996[] are not precedent," save for limited circumstances. 5TH CIRCUIT RULE 47.5.4.

3