# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50665
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Agapito Avila,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-332-1

---

Before Jolly, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Agapito Avila pleaded guilty, pursuant to a written agreement that included an appeal waiver, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Avila to 120 months of imprisonment. Avila challenges his sentence, arguing that the Government breached the plea agreement when it

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50665

failed to move for the third-level reduction for acceptance of responsibility under U.S.S.G. § 3El.l(b) and that the district court erred when it denied him the third level and also when it enhanced his sentence because Avila used or possessed a firearm or ammunition in connection with another felony offense.

Despite Avila's appeal waiver, we may reach whether the Government breached the plea agreement. *See United States v. Purser*, 747 F.3d 284, 289 & n.11 (5th Cir. 2014). We need not, however, decide whether Avila preserved this error because his challenge fails even under a de novo standard. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).

Based on the record as a whole, the district court did not clearly err when it found that Avila continued to participate in criminal activity after he entered his guilty plea because he violated prison rules to brew alcohol at the facility where he was detained. *See United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019). Because Avila did not qualify for a reduction for acceptance of responsibility, the conditions requiring that the Government move for the third-level reduction were not satisfied, and the Government did not breach the plea agreement when it did not make such a motion. *See United States v. Cluff*, 857 F.3d 292, 298-300 (5th Cir. 2017). Avila's appeal of his sentence is barred by his appeal waiver. *See Purser*, 747 F.3d at 294-95.

DISMISSED.