# United States Court of Appeals for the Fifth Circuit

---

No. 23-40119
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alejandro Leal,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1714-2

---

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Alejandro Leal appeals the sentence imposed following his conviction for wire fraud. He argues that the Government breached the plea agreement by highlighting evidence supporting an amount of restitution greater than the amount contemplated in the plea agreement. He also contends that the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court erred by applying the enhancement for abuse of trust and imposing a substantively unreasonable sentence.

"Whether the Government has breached the plea agreement is a legal question that this Court reviews de novo." *United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014). Because Leal did not object to the purported breach in the district court, our review is for plain error. To establish plain error, Leal must demonstrate (1) an error (2) that is clear or obvious and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he meets the conditions above, we have the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration omitted).

We apply general principles of contract law in interpreting a plea agreement and "consider whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *United States v. Cluff*, 857 F.3d 292, 298 (5th Cir. 2017) (internal quotation marks and citation omitted). The defendant has "the burden of demonstrating the underlying facts that establish breach by a preponderance of the evidence." *United States v. Roberts*, 624 F.3d 241, 246 (5th Cir. 2010).

The written plea agreement reflects that Leal agreed to pay $344,642.57 in restitution. The Government did not make any agreements regarding the restitution amount or the final sentence. The agreement did not explicitly require the Government to argue for any restitution amount or prevent the Government from arguing for restitution above the stated amount.

The Government's request for the district court to consider the victim impact statements was appropriate given that crime victims have a right to be reasonably heard at sentencing. *See* 18 U.S.C. § 3771(a)(4). The Government never advocated for the restitution amount requested by the

victims and instead recognized the amount of restitution stated in the plea agreement and agreed that it was "sticking with" the plea agreement. These statements were not inconsistent with a reasonable understanding of the Government's obligations in the plea agreement. *See Cluff*, 857 F.3d at 298; *United States v. Pizzolato*, 655 F.3d 403, 410-11 (5th Cir. 2011). Moreover, the district court's refusal to follow recommendations in a plea agreement is not a breach by the Government. *See Santobello v. New York*, 404 U.S. 257, 262 (1971). Leal has failed to establish that the Government breached the plea agreement. *See Roberts*, 624 F.3d at 246.

Leal next contends that the district court erred when it applied an enhancement for abuse of trust. Section 3B1.3 provides for a two-level increase if "the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. "We review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error." *United States v. Hernandez*, 876 F.3d 161, 164 (5th Cir. 2017). Leal must demonstrate plain error because he did object to the enhancement in the district court. *See Puckett*, 556 U.S. at 135.

Although Leal contends that he was not in a position of trust because he did not work in the health care field, he obtained a living trust over one of the victims and designated himself as trustee. He then used the trust documents to open a bank account and had the victim's disability and retirement funds directly deposited into the account. Only a person with substantial discretionary judgment and minimal supervision could have taken the amount of funds that Leal took and spent over the course of several years without being discovered. *See United States v. Ollison*, 555 F.3d 152, 166 (5th Cir. 2009). The district court's finding that Leal occupied a position of trust is plausible in light of the record as a whole. *See Hernandez*, 876 F.3d at 165.

Finally, our substantive reasonableness review of Leal's sentence is guided by the sentencing factors listed in 18 U.S.C. § 3553(a). *See United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). A sentence above the advisory guidelines range is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 708.

Contrary to Leal's assertion, the district court did not reference the occupation of Leal's wife as a reason to upwardly vary from the guideline range. The district court instead referenced her occupation in connection with the imposition of a condition of supervised release. Leal has not shown that his 60-month sentence was based on an improper or irrelevant factor or that it is otherwise substantively unreasonable. *See Smith*, 440 F.3d at 708.

The district court's judgment is AFFIRMED.