# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2025

Lyle W. Cayce
Clerk

No. 25-10261
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HAKEEM AZIZ WILEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-68-3

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Hakeem Aziz Wiley appeals his conviction for conspiracy to possess with intent to distribute fentanyl. He contends that the Government breached his plea agreement by using information it obtained during his post-arrest interview to increase his guidelines sentencing range. Specifically, Wiley argues that a phrase in the plea agreement supplement should be

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

construed as prohibiting the use of information known to the Government through means other than Wiley's assistance.

At sentencing, Wiley did not object on this basis. Instead, he argued that his post-arrest statements were part of an oral cooperation agreement with the Government that was later memorialized in the written plea agreement and supplement. Thus, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017).

Wiley's plea agreement supplement specifies that "U.S.S.G. § 1B1.8 is applicable to [Wiley]." Section 1B1.8 provides that the Government may use information "known" to it "prior to entering into" the plea agreement. *Id.* § 1B1.8(b)(1). The next sentence of Wiley's plea agreement provides that "[a]ny information provided by [Wiley] and not otherwise known by the Government, other than that charged in the Indictment, in connection with [Wiley's] assistance to the government, including debriefing and testimony, will not be used to increase [his] Sentencing Guideline level." The district court found these two sentences to be consistent and unambiguous, so as to allow the information Wiley disclosed during his post-arrest interview to be relied upon by the Government at sentencing.

We need not determine the meaning of "otherwise known by the government" because even if Wiley is correct that these provisions conflict and the plea agreement is ambiguous on this issue, then the plea agreement's scope on this issue is "subject to reasonable dispute." *Puckett*, 566 U.S. at 135. And that is not good enough to satisfy the plain-error standard. *See id.* (requiring a "clear or obvious" error); *United States v. Cluff*, 857 F.3d 292, 297 (5th Cir. 2017) (same).

Because there is no clear or obvious error on this record, the judgment of the district court is AFFIRMED.