# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60866
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVON JAMIL BYRD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CR-49-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Javon Jamil Byrd appeals his 120-month sentence for possession of a firearm by an unlawful user of a controlled substance. He contends that the Government breached his plea agreement by advocating for enhancements that drove the guideline imprisonment range above the statutory maximum, which rendered the Government's recommendation for a sentence in the lower half of the guideline range meaningless. He also argues that the district court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence was unreasonable because the evidence did not support its application of the enhancements.

Because Byrd did not argue that the Government breached the plea agreement in the district court, we review this claim for plain error only. *United States v. Cluff*, 857 F.3d 292, 297 (5th Cir. 2017). To establish plain error, Byrd must demonstrate (1) an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prove that a breach of his plea agreement affects his substantial rights, Byrd "must show a reasonable probability that, but for the error, he would have received a lesser sentence." *United States v. Tapia*, 946 F.3d 729, 734 (5th Cir. 2020) (citations omitted). If he satisfies these conditions, we have the discretion to correct the error and should do so if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (internal quotation marks and citation omitted).

We apply general principles of contract law in interpreting a plea agreement and consider whether the Government's conduct is consistent with the defendant's reasonable understanding of the agreement. *United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011). The defendant has the burden of proving by a preponderance of the evidence the underlying facts that establish a breach. *Id.*

Byrd fails to establish that the Government's argument in support of the enhancements was clearly inconsistent with a reasonable understanding of the plea agreement. *See Cluff*, 857 F.3d at 300. Nor can he demonstrate a reasonable probability that, but for the Government's arguments, he would have received a lesser sentence. *See Tapia*, 946 F.3d at 734. Byrd's appeal waiver, which the Government invokes, bars his challenge to the

No. 18-60866

reasonableness of his sentence and the application of the enhancements. *See United States v. Kelly*, 915 F.3d 344, 350 (5th Cir. 2019); *United States v. Oliver*, 630 F.3d 397, 414-15 (5th Cir. 2011). Accordingly, we grant the Government's request to dismiss the appeal. *See United States v. Story*, 439 F.3d 226, 230 n.5 (5th Cir. 2006).

APPEAL DISMISSED.