# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-10497

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Omar Jorge Valle Estrada,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-447-2

_____

Before Smith, Wiener, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Omar Jorge Valle Estrada appeals his 360-month sentence following a jury-trial conviction for one count of conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

I.

First, Estrada contends that the district court imposed a procedurally unreasonable sentence by failing to explain its reasons adequately. But Estrada objected in the district court only to the length of the sentence and the imposition of a so-called "trial penalty." In our circuit, objections to "the substance of the sentence" do not preserve objections to "the manner in which it was explained." *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). So, his claim that the district court failed to explain its reasons is reviewed for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

To prevail on plain error review, Estrada must identify (1) an error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See id.* If he satisfies those requirements, we may, in our discretion, remedy the error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Even if we were to assume that the district court clearly or obviously erred, Estrada fails to show that any plain procedural error affected his substantial rights. *See Mondragon-Santiago*, 564 F.3d at 364–65. He fails to raise any contention, and the record provides no indication, that a more detailed explanation would have resulted in a lesser sentence. On this record, Estrada has failed to show plain error.

II.

Second, Estrada avers that the district court imposed a harsher sentence than it otherwise would have because he exercised his right to trial. He asserts that this trial penalty is evident when comparing his pre-trial sentencing exposure with his post-trial sentencing exposure. He preserved that claim, so our review is *de novo*. *See United States v. Gozes-Wagner*, 977 F.3d

323, 335 n.7 (5th Cir. 2020).

Estrada does not show, and the record does not reflect, that the district court made any explicit statements indicating that it was punishing him more severely because he invoked his right to trial. *See United States v. Gozes-Wagner*, 977 F.3d 323, 337 (5th Cir. 2020). Nor does he establish that he was similarly situated to a co-conspirator. *See id.* at 336–37. Instead, he avers that the disparity between his pre-trial sentencing exposure and his ultimate sentence shows that the district court imposed a trial penalty.

But Estrada's post-trial position was not like his pre-trial position. During plea negotiations, it appears that Estrada's sentencing exposure was based in part on his willingness to accept responsibility and his providing substantial assistance to the government. When sentencing him post-trial, the district court focused on his failure to accept responsibility and his obstruction of justice during the proceedings. Thus, despite his contentions otherwise, those factors explain adequately why Estrada received a harsher sentence post-trial than if he had accepted the plea offer.

On this record, Estrada has failed to show that the district court imposed an unconstitutional trial penalty at sentencing.

### III.

Lastly, Estrada contends that the government engaged in prosecutorial vindictiveness by advocating a sentence that was substantially higher than the sentence endorsed during plea negotiations. Further, he avers that the government should have been estopped from requesting such a disparately longer sentence. Because Estrada did not raise contentions of judicial estoppel or prosecutorial vindictiveness in the district court, such claims are reviewed for plain error. *See United States v. Cluff*, 857 F.3d 292, 301 (5th Cir. 2017).

Estrada fails to establish that the government engaged in actual vindictiveness or that a presumption of vindictiveness should be applied to the government's actions in the district court proceedings. *See United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008). Estrada fails to cite any case from this court holding that a realistic likelihood of vindictiveness may be demonstrated by the government offering a reduced sentence during plea negotiations and then advocating a within-guideline sentence following the defendant's exercise of his right to trial. Therefore, for purposes of plain-error review, Estrada has failed to demonstrate prosecutorial vindictiveness that is clear or obvious considering existing law. *See Puckett*, 556 U.S. at 135.

In as much as Estrada asserts that the government should have been judicially estopped at sentencing, his contention lacks merit. Judicial estoppel applies when "the estopped party's position [is] clearly inconsistent with its previous one" and "that party [has] convinced the court to accept that previous position." *Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014) (internal quotation marks and citation omitted).

Estrada fails to show that the government's endorsement of a sentence of 10 to 12 years of imprisonment during plea negotiations was clearly inconsistent with its request for a within-guidelines sentence of 360 to 365 months at sentencing, especially considering the change in circumstances between its endorsement of those different sentences. In short, he fails to show that the district court clearly or obviously erred in failing to estop the government at sentencing.

\*　　\*　　\*　　\*

For the reasons explained, the judgment is AFFIRMED.